

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 17, 1969

Col. Wilson E. Speir                    Opinion No. M- 474
Director
Texas Department of Public Safety    RE:  House Bill 84, Acts
5805 North Lamar Blvd.                     61st. Leg., R.S.
Austin, Texas  78723                       1969, ch. 793, p.
                                           2342, concerning
Dear Col. Speir:                           right-of-way

        You have requested the opinion of this office as to
whether the amendment of Article 6701d, Section 71, Vernon's
Civil Statutes, requires the driver of a vehicle approaching
the intersection of a different street or roadway to stop at
a yield right-of-way sign or to yield at a yield right-of-way
sign.
        The portion of the amendment relating directly to yield
right-of-way signs is as follows:

> "Sec. 71.  (a)  The driver of a vehicle
> approaching the intersection of a different
> street or roadway shall stop, yield and grant
> the privilege of immediate use of such inter-
> section <u>in obedience to any stop sign, yield
> right-of-way sign or traffic control device
> erected by public authority</u>, and after so
> stopping, may only proceed thereafter when
> such driver may safely enter the intersection
> without interference or collision with traffic
> using such different street or roadway."
> (Emphasis added).

        Sections (b), (c), and (d) provide that a driver approach-
ing various types of intersections not controlled by traffic
signs or signals shall ". . .stop, yield and grant the privilege
of immediate use. . ." of the intersection to vehicles within
the intersection or approaching in such proximity as to con-
stitute a hazard and shall proceed only when safe to do so.
        Section (e) of the amendment reads as follows:

> "(e)  A driver <u>obligated</u> to stop and yield
> the right-of-way in accord with Sections (a),
> (b), (c) and (d) of Section 71, who is involved
> in a collision or interference with other traf-
> fic at such intersection is presumed not to have

Col. Wilson E. Speir, page 2, (M- 474 )


yielded the right-of-way as required by this Act."
(Emphasis added).

The amendment repeals Article 6701d, Section 73, Vernon's
Civil Statutes, and Article 827e-1, Section 2 and Section 3,
Vernon's Penal Code, which provide rules governing right-of-
way at intersections.
The caption of House Bill 84 states that the purpose of
the amendment is as follows:

". . .to provide for the establishment of
vehicular right-of-way at all intersections,
requiring certain drivers to stop, yield and
grant the right of immediate use of inter-
sections and requiring such drivers not to
enter such intersection until they may do so
with safety; to provide for a presumption of
failure to yield right-of-way in relation to
intersection collisions. . . ."

It is necessary to harmonize, if possible, Article 827e-1,
Section 1, Vernon's Penal Code, which authorizes the use of
yield right-of-way signs. In view thereof, the amendment, if
narrowly construed, would place a strained and false meaning
on the plain and ordinary word yield, as heretofore commonly
understood. The courts, under the circumstances, must give
a reasonable construction to the statute and avoid a harsh
and absurd construction that would result from a literal
interpretation. We think the Legislature merely consolidated
the rules governing traffic at intersections and did not in-
tend to repeal Article 827e-1, Section 1.
The amendment contains the provision that drivers approach-
ing an intersection controlled by traffic signs or signals
shall stop, yield and grant immediate use of the intersection
". . .in obedience to any stop sign, yield right-of-way sign
or traffic control device. . . ." A driver acting in obedience
to a yield right-of-way sign must yield to those vehicles with-
in the intersection or in such proximity thereto as to consti-
tute a hazard and may, depending upon the circumstances, have
to stop in order to avoid collision or interference with other
vehicles. A driver approaching an intersection controlled
by a yield right-of-way sign will not have to yield or stop
whenever the intersection may be entered safely without danger
of collision or interference with other vehicles.

SUMMARY

The Legislature has retained the yield right-
of-way sign for traffic control. A driver ap-

- 2365 -

proaching an intersection controlled by
a yield right-of-way sign must yield the
right-of-way to vehicles within the inter-
section or in such proximity thereto as to
constitute a hazard and must stop if cir-
cumstances require but need not stop when
the intersection can be safely entered.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roland Daniel Green III
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Harold Kennedy
Malcolm Quick
Bob Lattimore
Alan Minter

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant